# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>   Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO. LTD.,<br><br>   Defendants. | CIVIL ACTION NO.:<br><br><br><br>PATENT CASE<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Uniloc 2017 LLC ("Uniloc"), for its complaint against defendants, Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co. Ltd. ("SEC") (together, "Samsung"), alleges:

## THE PARTIES

1.   Uniloc 2017 LLC is a Delaware limited liability company, having addresses at 1209 Orange Street, Wilmington, Delaware 19801; 620 Newport Center Drive, Newport Beach, California 92660; and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2.   Samsung Electronics America, Inc. is a New York corporation, having a principal place of business in Ridgefield Park, New Jersey, and may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

3.   Samsung Electronics Co. Ltd. is a South Korean corporation, having a principal place of business in Seoul, Republic of Korea.

4. Samsung offers its products and services, including those accused of infringement, to customers and potential customers located in the Eastern District of Texas.

## JURISDICTION

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* This Court has jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

## CLAIM FOR PATENT INFRINGEMENT

6. Uniloc is the owner, by assignment, of U.S. Patent No. 6,836,654 ("the '654 Patent"), entitled ANTI-THEFT PROTECTION FOR A RADIOTELEPHONY DEVICE, which issued December 28, 2004. A copy of the '654 Patent is attached as Exhibit A.

7. The '654 Patent describes in detail, and claims in various ways, inventions in devices for improved blocking and unblocking of the operational mode of electronic devices such as cellphones, using timing and identifiers developed by Koninklijke Philips Electronics N.V.

8. The '654 Patent describes problems and shortcomings in the then-existing field of antitheft measures for portable telephones and describes and claims novel and inventive technological improvements and solutions to those problems and shortcomings.

9. The written description of the '654 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the combination of claim elements differed markedly from and improved upon what may have been considered conventional or generic.

10. Samsung imports, uses, offers for sale and sells in the United States electronic devices that utilize antitheft measures, including those designated: Galaxy Note8, Galaxy A6+,

Galaxy A6, Galaxy J7 Duo, Galaxy J7 Prime 2, Galaxy S9+, Galaxy S9, Galaxy S7, Galaxy J2 Pro, Galaxy A8, Galaxy J2, Galaxy C7, Galaxy S8 Active, Galaxy J7 V, Galaxy Note FE, Galaxy J7 MAX, Galaxy J7 Pro, Galaxy J7, Galaxy J5, Galaxy J3, Z4, Galaxy S8, Galaxy S8+, Galaxy C5 Pro, Galaxy XCover 4, Galaxy J1 mini prime, Galaxy J3 Emerge, Galaxy C7 Pro, Galaxy A7, Galaxy A5, Galaxy A5 Duos, Galaxy A3, Galaxy A9, Galaxy Grand Prime Plus, Galaxy J2 Prime, Galaxy C9 Pro, Galaxy On7, Galaxy On8, Galaxy S6, Galaxy S5, Galaxy S4, Galaxy J1, Galaxy J7, Galaxy E5, Galaxy E7, Galaxy A3, Galaxy A5, Galaxy Ace, Galaxy Note 3, Galaxy Note Pro, Galaxy Fame, Galaxy Discover, Galaxy Premier, Galaxy Note II, Galaxy SIII, Galaxy Pocket, Galaxy S II, Galaxy S Blaze, Galaxy Attain 4G, Omnia M, Galaxy Proclaim, Z3, Galaxy Note5, Galaxy A8, Galaxy Note 4, Galaxy Avant, Galaxy Alpha, Galaxy Young, Galaxy Star, Galaxy Core, Galaxy Exhibit, Galaxy Mega, Galaxy Trend, Galaxy Win, Galaxy S LightRay, Galaxy I8250, Galaxy Appeal, Galaxy Nexus, Galaxy Note, Galaxy M Style, Galaxy I9500, Focus 2, Galaxy Note7, Galaxy mini, Galaxy J Max, Galaxy S6 edge+, Galaxy Note Edge, Galaxy W, ATIV SE, Galaxy Grand 2, Galaxy Express 2, Galaxy Light, Galaxy Y Plus, Galaxy Grand, Galaxy Rush, Galaxy Stellar, Galaxy Reverb, Focus 2, Samsung I8530 Galaxy Beam, W999, Star 3, Galaxy V, Galaxy Mega 2, Galaxy K Zoom, Galaxy Beam2 (collectively, "Accused Infringing Devices").

11. The Accused Infringing Devices are mobile radiotelephony devices incorporating antitheft technology that utilizes timing and identification codes to block and unblock normal operation of the device.

12. Samsung has infringed, and continues to infringe, claims of the '654 Patent in the United States, including claims 1, 3-5, and 7, by making, using, offering for sale, selling, and importing the Accused Infringing Devices.

13. Samsung knowingly and intentionally incorporates into the Accused Infringing Devices components and software that enable the devices to operate automatically as described above to infringe the '654 Patent.

14. In its marketing, promotional, and instructional materials, including those identified below, Samsung intentionally instructs its customers to use the Accused Infringing Devices in a manner that causes the devices to infringe the asserted claims of the '654 Patent.

15. Samsung has also infringed, and continues to infringe, claims 1, 3-5, and 7 of the '654 Patent by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices. Samsung's customers who use those devices in accordance with Samsung's instructions infringe claims 1, 3-5, and 7 of the '654 Patent. Samsung intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, and instructional and marketing materials, such as those located at:

- www.samsung.com/us/
- www.samsung.com/us/business/solutions/samsung-knox/
- www.samsung.com/us/support/
- www.samsung.com/us/support/answer/ANS00047227
- www.samsung.com/us/support/answer/ANS00050676
- www.samsung.com/us/support/answer/ANS00050828
- www.samsung.com/us/support/answer/ANS00051381
- www.samsung.com/us/support/answer/ANS00062627
- www.samsung.com/us/support/answer/ANS00062632
- www.samsung.com/au/support/mobile-devices/reset-the-lock-screen-pattern-using-a-google-account/

- www.samsung.com/ca/support/mobile-devices/galaxy-s7-how-do-i-set-up-screen-lock-on-my-galaxy-s7/

- www.samsung.com/uk/support/mobile-devices/galaxy-s7-how-do-i-lock-my-samsung-galaxy-note-3/

- http://downloadcenter.samsung.com/content/UM/201706/20170629130350139/SM-J530_J730_UM_EU_Nougat_Eng_Rev.1.0_170616.pdf

- http://downloadcenter.samsung.com/content/PM/201803/20180324064802271/EB/GEN_G960U1_G965U1_EN_FINAL_180323/start_here.html

- http://downloadcenter2.samsung.com/content/UM/201801/20180112154235025/SM-A530_A730_UM_EU_Nougat_Eng_Rev.1.0_171214.pdf

- www.youtube/user/samsung

- www.youtube.com/watch?v=KjltVpCTQ8M

- www.youtube.com/watch?v=RvLP0q-L1Yg

- www.youtube.com/watch?v=07ra3-vY2vg

- www.youtube.com/watch?v=jDltgge4b40

16. Samsung has also infringed, and continues to infringe, claims 1, 3-5, and 7 of the '654 patent by offering to sell, selling, and importing the Accused Infringing Devices knowing that the devices include components that constitute a material part of the invention of the '654 patent. Samsung knows those components to be especially made or especially adapted for use in infringement of the '654 patent, and not a staple article, or a commodity of commerce suitable for substantial non-infringing use.

17. Samsung will have been on notice of the '654 Patent since, at the latest, the service of the complaint upon it in Civil Action No. 2:18-cv-00309. Samsung has also been on notice of Uniloc's infringement allegations and theory of infringement since that date, and thus

5

has known that its continued actions would induce and contribute to the infringement of claims of the '654 Patent. Despite that knowledge, and as further evidence of its intent, Samsung has refused to discontinue its infringing acts and has also induced infringement by failing to remove the infringing functionality from the Accused Infringing Devices or otherwise place a non-infringing limit on its use.

18. By the time of trial, Samsung will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 1, 3-5, and 7 of the '654 Patent.

19. Samsung may have infringed the '654 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

20. Uniloc has been damaged by Samsung's infringement of the '654 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Samsung:

(A) declaring that Samsung has infringed the '654 Patent;

(B) awarding Uniloc its damages suffered as a result of Samsung's infringement of the '654 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

3078678.v1

Date: November 17, 2018    Respectfully submitted,

*/s/ Paul J. Hayes*
Paul J. Hayes
Massachusetts State Bar No. 227000
Kevin Gannon
Massachusetts State Bar No. 640931
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
**NELSON BUMGARDNER ALBRITTON P.C.**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
**NELSON BUMGARDNER ALBRITTON P.C.**
111 West Tyler Street
Longview, Texas 75601
Tel: (903) 757-8449
Fax: (903) 758-7397

**ATTORNEYS FOR THE PLAINTIFFS**