**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO. LTD., <br><br> *Defendants.* | Civil Action No. 2:18-cv-508-JRG |

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF
THE EXPERT REPORT OF DR. WILLIAM "CHUCK" EASTTOM II
AND UNILOC'S AMENDED INFRINGEMENT CONTENTIONS**

## <u>TABLE OF CONTENTS</u>

I.      FACTUAL BACKGROUND ................................................................................... 3

    A.      Uniloc's Original Infringement Contentions and Claim Construction Positions.......... 3

    B.      The Easttom Report Improperly Asserts A New Infringement Theory For Every Asserted Claim ................................................................................................. 5

    C.      Uniloc's Amended Infringement Contentions Contain the Same New Arguments Disclosed in the Easttom Report ......................................................................... 7

    D.      The Court's Claim Construction Rulings Were Not Unexpected or Unforeseeable 7

II.     ARGUMENT ....................................................................................................... 8

    A.      Legal Standard................................................................................................. 8

    B.      The Easttom Report Should Be Stricken to the Extent It Relies on Previously Undisclosed Infringement Theories Relating to "Normal Operation" and eSIMs...... 10

    C.      Dr. Easttom's New DOE Arguments Should Be Stricken ........................................ 13

    D.      Dr. Easttom's New Indirect Infringement Allegations Should Be Stricken ............... 14

    E.      Uniloc's Amended Infringement Contentions Should Be Stricken .......................... 14

    F.      Samsung Should Be Awarded Sanctions for This Motion ...................................... 15

III.    CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*Azure Networks, LLC v. CSR PLC*,
2012 U.S. Dist. LEXIS 195016 (E.D. Tex. Dec. 4, 2012)..........................................2, 9, 10, 15

*Biscotti Inc. v. Microsoft Corp.*,
2017 U.S. Dist. LEXIS 79832 (E.D. Tex. May 24, 2017)................................9, 10, 12, 13, 14

*F.D.I.C. v. Maxxam, Inc.*,
523 F.3d 566 (5th Cir. 2008) ...........................................................................................15

*Finisar Corp. v. Directtv Group, Inc.*,
424 F. Supp. 2d 896 (E.D. Tex. 2006) ...........................................................................9, 11

*Iris Connex, LLC v. Dell, Inc.*,
235 F. Supp 3d 826 (E.D. Tex. 2017)..................................................................................15

*Nike, Inc. v. Adidas Am. Inc.*,
479 F. Supp. 2d 664 (E.D. Tex. 2007)...........................................................................10, 12

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
467 F.3d 1355 (Fed. Cir. 2006)....................................................................................9, 12, 15

*Parallel Networks, LLC v. Abercrombie & Fitch*,
2011 U.S. Dist. LEXIS 163749 (E.D. Tex. Dec. 5, 2011)..................................................9, 15

*ROY-G-BIV Corp. v. ABB, Ltd.*,
63 F. Supp. 3d 690 (E.D. Tex. 2014).................................................................2, 8, 9, 11, 14

*Saffran v. Bos Sci. Corp.*,
2008 U.S. Dist. LEXIS 125225 (E.D. Tex. Jan. 28, 2008)................................................9, 15

*Sycamore IP Holdings LLC v. AT&T Corp.*,
2018 WL 1695231 (E.D. Tex. Apr. 6, 2018).....................................................................9, 11

*Zix Corp. v. Echoworx Corp.*,
2016 U.S. Dist. LEXIS 86359 (E.D. Tex. May 13, 2016).......................................................9

Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") respectfully move to strike portions of the Expert Report of Dr. William Easttom II (Chuck Easttom) Regarding Infringement of U.S. Patent No. 6,836,654 (Ex. 1, the "Easttom Report")[1] served on February 18, 2020 to the extent that it exceeds the scope of—and flatly contradicts—Uniloc 2017 LLC's ("Uniloc") Disclosure of Asserted Claims and Infringement Contentions (Ex. 2, "Infringement Contentions"). Samsung also respectfully moves to strike Uniloc's Amended Disclosure of Asserted Clams and Infringement Contentions (Ex. 3, "Amended Infringement Contentions")—which were served two days *after* service of the Easttom Report and which contain the identical new and untimely arguments first disclosed in the Easttom Report—as no "good cause" exists for such amended contentions under this Court's Local Patent Rules.

The Easttom Report discloses infringement theories not disclosed in Uniloc's Infringement Contentions, including a new infringement theory based upon a new claim construction argument concerning the claim term "normal operation," new accused components (eSIMs), new doctrine of equivalents ("DOE") allegations, and new indirect infringement allegations. In fact, the Easttom Report completely abandons the theory of infringement set forth in Uniloc's Infringement Contentions—that the physical insertion of *any* "valid SIM card (user identification module)" allows "normal operation." Instead, the Easttom Report asserts that only a specific user's SIM card—not any other SIM card that would allow the device to make outgoing calls—enables "normal operation": "normal operation of the device is for the device to operate *as it is intended for the consumer*, including but not limited to receiving and making calls *from the mobile phone number associated with the linked user identification module*."[2] (*See* Easttom Report at ¶ 144).

---

[1] Unless otherwise noted, all referenced exhibits are attached to the Declaration of Allan A. Kassenoff, submitted concurrently herewith.

[2] All emphasis added unless otherwise indicated.

Uniloc's new infringement theory is apparently the direct result of the Court's Claim Construction Memorandum Opinion and Order (Dkt. 61, 71, the "*Markman* Order") which construed the claimed "linked user identification module" in a manner that precludes infringement under Uniloc's original infringement theory. The Court agreed with Samsung that there is "only one" linked user identification module that permits "normal operation" of the claimed device. (*Id.*) Accordingly, Uniloc is now trying to abandon the infringement theory in its Infringement Contentions and assert a new, untimely infringement theory.

While the new opinions contained in the Easttom Report may be consistent with the Amended Infringement Contentions, which were served on February 20—*after* the close of fact discovery and *after* service of the Easttom Report—Uniloc's Amended Infringement Contentions were served in violation of the Court's Orders and Local Rules. A party can amend its infringement contentions without leave of the Court within thirty days of the Court's claim construction order *only* if it "believes in good faith that the Court's Claim Construction Ruling so requires." Local Patent Rule ("P.R.") 3-6(a). Courts in this District have repeatedly "emphasized that a good faith showing to amend pursuant to P.R. 3-6 (a) [sic] can *only* be made when the Court's claim construction is *unexpected or unforeseeable.*" *Azure Networks, LLC v. CSR PLC*, 2012 U.S. Dist. LEXIS 195016, at *11 (E.D. Tex. Dec. 4, 2012). As demonstrated below, none of the Court's constructions were "unexpected or unforeseeable" and, thus, Uniloc's Amended Infringement Contentions should be struck.

Because Uniloc's Amended Infringement Contentions are improper, they cannot form the basis for Dr. Easttom's new opinions. Accordingly, Dr. Easttom's new infringement theories should likewise be struck. *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014) ("Expert infringement reports may not introduce theories not previously set forth in infringement contentions.").

Finally, Uniloc's failure to dismiss its case after its infringement theories were eviscerated by

the Court's *Markman* Order, and its subsequent assertion of new infringement theories based on a new proposed claim construction of "normal operation" demonstrates bad faith. Uniloc's non-compliance with the Court's Orders and the Local Patent Rules has prejudiced Samsung's ability to take discovery on Uniloc's new infringement theories, address claim construction issues, prepare rebuttal reports, and, more generally, its defense of this case. For all of these reasons and as discussed further below, the Court should grant the instant motion and strike the new material contained in the Easttom Report, as well as the corresponding Amended Infringement Contentions. Further, the Court should award Samsung its fees and costs incurred in bringing this Motion.

## I.     FACTUAL BACKGROUND

### A.     Uniloc's Original Infringement Contentions and Claim Construction Positions

On March 14, 2019, Uniloc served its Infringement Contentions, as required by P.R. 3-1, contending that "Samsung infringes the '654 Patent by making, using, selling, offering to sell, and importing electronic devices that utilize antitheft measures, including [a list of models] (collectively, 'Accused Products')." (Ex. 2 at 1-2). Uniloc did not allege indirect infringement in its Infringement Contentions. Nor did Uniloc disclose any allegations of infringement under the DOE, other than a generic, placeholder reservation of rights:

> d.   Assuming that the Court construes the claims as Uniloc has requested, Uniloc believes that each element is literally present. *Uniloc may, however, revise these contentions to identify an element as present under the doctrine of equivalents* if 1) the Court's construction so requires; or 2) discovery – in particular, review of source code – reveals Samsung's product operate differently than Uniloc had contended.

(*Id.* at 2). Uniloc also attached a claim chart purporting to "identify[] specifically where each element of each asserted claim is found within each of the Accused Products," as required by P.R. 3-1(c). (*Id.* at 2 and attached Chart). According to Uniloc's Infringement Contentions, the "mounting of a linked user identification module" limitation is met by "a valid SIM card (user identification module) being

inserted into the Accused Products." (Ex. 2, Chart at 6). Uniloc did not make any allegations concerning "normal operation" or eSIMs. (*See* Ex. 2). Nor did the claim chart assert indirect infringement or infringement under the DOE. (*Id.*)

Consistent with its original infringement theory, Uniloc repeatedly made clear in its claim construction briefing that: (1) the "linked user identification module" "cannot be restricted such that the user identification module is the only one that permits normal operation of the device;" and (2) "one kind of link was known simply as installing or connecting the identification module to the device." (Dkt. 42 at 6, 7; *see also* Dkt. 48 at 1-3 ("Thus, a linked user identification module does not have to be *the only one that performs normal operation of the device.*"); Dkt. 64 at 1-3 ("[T]he patent recognizes that both linked and *unlinked* user identification modules may be used to process calls, even if another user identification module has been linked.")). Indeed, the Rebuttal Declaration of Dr. William C. Easttom II (Chuck Eastom) Concerning Claim Construction of U.S. Patent. No. 6,836,654—which was struck as untimely (Dkt. 59)—similarly asserted:

> [T]here are embodiments in the patent that allow non-linked user identification modules to make calls. *See, e.g.*, col. 4, ll. 23-30. Therefore, I do not agreed [sic] that the linked user identification module must be the only one that permits normal operation of the device.

(Dkt. 41-6 at ¶¶ 27-29). And, at the *Markman* hearing, Uniloc's counsel stated that "there's simply nothing in the specification, I would say, that requires that it be a linked module or the one and only linked module. There's nothing that precludes there from being more than one linked module." (Dkt. 62 at 12:7-10; *see also id.* at 29:15-30:4).

Uniloc never asserted that "normal operation" needs construction, and never argued that "normal operation" requires an owner making calls from the owner's phone number with the owner's SIM card. To the contrary, *Uniloc agreed to* the following construction of "normal operation" in its case against Google on the '654 patent before this Court: "operation of the mobile radio telephony

4

device that includes the processing of all outgoing calls." (Ex. 4 at 7, the "*Google* Order").

**B.     The Easttom Report Improperly Asserts A New Infringement Theory For Every Asserted Claim**

On February 18, 2020, Uniloc served the Easttom Report. It was immediately apparent that the Easttom Report abandoned the original infringement theory set forth in Uniloc's Infringement Contentions, and provided entirely new theories of infringement for *every* asserted claim. Specifically, the Easttom Report proposes a construction for "normal operation" that imports several limitations that are not supported by the clear and unambiguous language of the claims, the Court's *Markman* Order, or Uniloc's *agreed upon construction* for "normal operation" in the *Google* Order:

- "In order for the user to use the phone for normal operations, *he or she must have their own SIM card in the phone. Putting another SIM card in the phone, would not identify that user*, and thus would not permit normal operations."

- "The normal operation of any device is for the device to operate *as it is intended for the consumer*, including but not limited to receiving and making calls *from the mobile phone number associated with the linked user identification module.* Essentially using the phone *as the owner, with the owner's number and other information*."

- "I removed the SIM card that was initially in the phone and placed another SIM card in the phone. . . . *I was no longer able to make calls using my own number. The phone was then operating as the telephone new number associated with the SIM card that had been inserted*. This means two things. The first is that a fraudulent person cannot send communications at the cost of the owner of the device. *The second is that normal operations (i.e. operating the phone as the purchaser) was blocked*."

- "If the SIM card is a different SIM, then the user cannot perform normal operations of the phone. *The phone behaves in fact like someone else's phone, which is not normal operations*."

(Easttom Report at ¶¶21, 144, 205, 320; *see also id.* at ¶¶22, 23, 138-143, 145-149, 194, 204, 206-210, 212, 213, 225, 226, 309). Indeed, Dr. Easttom admits that he "looked to define normal operation" himself. (*Id.* at ¶138). Dr. Easttom's new construction was never previously set forth by Uniloc. To the contrary, this new construction: (1) contradicts what Uniloc has repeatedly told

5

Samsung and this Court (*see* Section I.A); (2) is not supported by the clear language of claim 1 (i.e., "normal operation includes a processing of outgoing calls"); and (3) is not supported by the clear and unambiguous constructions in the Court's *Markman* Order and *Google* Order.[3]

The Easttom Report also includes new allegations that an embedded SIM or "eSIM" "is the linked user identification module." (Eastom Report at ¶¶17, 18, 19, 136, 146, 159, 261, 275, 320, 342, 346, 353). eSIMs were not mentioned in Uniloc's Complaint or Infringement Contentions. Dr. Easttom never addresses how an eSIM can be "mount[ed]" (*i.e.*, inserted) as required by the claims.[4] Nor does Dr. Easttom provide any evidence that any Accused Products utilize an eSIM.[5]

The Easttom Report also contains several newly-disclosed DOE allegations, including that: (1) eSIMs and SIM cards are equivalent to the claimed "linked user identification module"; (2) Uniloc's proposed structure for "timing means" is equivalent to the structure in the Court's *Markman* Order; (3) certain alleged "deblocking codes" are equivalent to the structure in the Court's *Markman* Order; and (4) Uniloc's proposed structure for the "connecting means" is equivalent to the structure in the Court's *Markman* Order. (*Id.* at ¶¶ 101, 146, 152, 170, 232, 267, 372-375). Dr. Easttom did not provide any detailed function/way/result analyses for any of these new DOE arguments, and Dr. Easttom does not rely on the DOE exclusively for any claim limitation. (*Id.* at ¶372).

The Easttom Report also contained new allegations concerning indirect infringement. (*Id.* at ¶¶365-371). The new allegations are conclusory, lack evidentiary support, and lack a claim–by–claim analysis alleging that each of the required elements of indirect infringement are met. (*Id.*)

---

[3] Samsung would have sought a construction of "normal operation" had Uniloc previously set forth this new infringement theory.
[4] Samsung would have sought a construction of "*mounting* of a linked user identification module" had Uniloc previously identified this component.
[5] Dr. Easttom discusses eSIMs in the context of the Galaxy S20 and Galaxy Z Flip, neither of which is an Accused Product. (Easttom Report at ¶¶2, 19).

### C.   Uniloc's Amended Infringement Contentions Contain the Same New Arguments Disclosed in the Easttom Report

On February 20, 2020, after the close of fact discovery and service of rebuttal expert reports, Uniloc served Amended Infringement Contentions. Consistent with the Easttom Report, Uniloc's Amended Infringement Contentions: (1) include new DOE arguments; (2) assert Dr. Easttom's new construction of "normal operation;" and (3) incorporate by reference the Easttom Report. For example, the Amended Infringement Contentions include the following proposed claim construction for "normal operation" which is not based upon the Court's *Markman* Order:

> The normal operation of any device is for the device to operate *as it is intended for the consumer, including but not limited to receiving and making calls from the mobile phone number associated with the linked user identification module; i.e., using the phone as the owner, with the owner's telephone number and other information*. In order for the user to use the phone for normal operations, he or she must have his or her own SIM card in the phone. *Putting another SIM card in the phone would not identify the original user, and would not permit normal operations*.

(Ex. 3, Chart at 13). The Amended Infringement Contentions assert some of Dr. Easttom's new DOE arguments, including allegations concerning SIM cards and eSIMS and the "deblocking code." (Ex. 3 at 4-5). Uniloc does not explain why there is good cause for the amendments or assert that any of the Court's claim constructions were "unexpected or unforeseeable." Nor do the Amended Infringement Contentions contain any indirect infringement allegations.

### D.   The Court's Claim Construction Rulings Were Not Unexpected or Unforeseeable

The parties exchanged proposed terms for construction on August 13, 2019 and exchanged preliminary claim constructions on September 3, 2019. Samsung provided proposed constructions for seven terms and asserted that five terms were indefinite. (Ex. 5). Uniloc has been aware since no later than September 3, 2019 that Samsung contended that "only one" user identification

module may be used with the claimed device.[6] (*Id.* at 2). Conversely, Uniloc contended that all non-means-plus-function claim terms identified should be accorded their ordinary meaning and identified proposed functions and structures for the means-plus-function terms. The parties filed a Joint Claim Construction Statement on September 24, 2019 (Dkt. 34); Uniloc filed its Opening Claim Construction Brief on November 5, 2019 (Dkt. 42); Samsung filed its Responsive Brief on November 19, 2019 (Dkt. 47); and Uniloc filed its Reply Brief on November 26, 2019 (Dkt. 48).

A claim construction hearing was held on December 19, 2019, and the Court issued its *Markman* Order on January 20, 2020. The Court construed 12 terms, adopting either Uniloc's or Samsung's proposed construction, or a slightly modified construction for some of the means-plus-function terms. As discussed above, the Court adopted Samsung's proposed construction of "linked user identification module," and rejected Uniloc's argument that the physical insertion of any SIM card results in a "linked user identification module." (Dkt. 61 at 13-17).

## II.   ARGUMENT

### A.   Legal Standard

"The Local Patent Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases.'" *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 698 (E.D. Tex. 2014) (quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)). Among other things, the rules require a plaintiff to provide "chart[s] identifying specifically where each element of each asserted claim is

---

[6] Samsung originally proposed the construction of "a user identification module whose data has been read by, and stored on, the mobile radio telephony device, and that is *the only one* that may be used with that device" for "linked user identification module." (Ex. 5 at 2). Samsung subsequently modified its proposed construction at the *Markman* hearing to "a user identification module that is *the only one* that permits normal operation of the device." (Dkt. 52). Regardless of Samsung's modification, the "only one" portion of the construction was always present, and was a key dispute between the parties during claim construction. (*See* Section I.A).

found within each Accused Instrumentality." *Zix Corp. v. Echoworx Corp.*, 2016 U.S. Dist. LEXIS 86359, at *2 (E.D. Tex. May 13, 2016). The Local Rules are "designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quotations and citations omitted).

"Expert infringement reports may not introduce theories not previously set forth in infringement contentions." *ROY-G-BIV*, 63 F. Supp. 3d at 699 (internal citation omitted); *see also Biscotti Inc. v. Microsoft Corp.*, 2017 U.S. Dist. LEXIS 79832, at *9-11 (E.D. Tex. May 24, 2017). Indeed, "[a] party cannot wait until shortly before trial to prepare its case." *Finisar Corp. v. Directv Group, Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006).

A party can amend its infringement contentions, without leave of the Court, within thirty days of the court's claim construction order "[i]f a party claiming patent infringement believes in *good faith* that the Court's Claim Construction Ruling so requires." P.R. 3-6(a). Courts in this District have repeatedly "emphasized that a *good faith* showing to amend pursuant to P.R. 3-6 (a) [sic] can *only* be made when the Court's claim construction is *unexpected or unforeseeable*." *Azure*, 2012 U.S. Dist. LEXIS 195016, at *11; *Parallel Networks, LLC v. Abercrombie & Fitch*, 2011 U.S. Dist. LEXIS 163749, at *33-34 (E.D. Tex. Dec. 5, 2011) ("because the Court's claim construction was hardly unanticipated, P.R. 3-6(a) is inapplicable"). "Foreseeability is determined from the time of the claim construction briefing." *Sycamore IP Holdings LLC v. AT&T Corp.*, 2018 WL 1695231, at *7 (E.D. Tex. Apr. 6, 2018). And, needless to say, a claim construction cannot be unforeseeable if it was proposed by one of the parties. *Saffran v. Boston Sci. Corp.*, 2008 U.S. Dist. LEXIS 125225, at *8 (E.D. Tex. Jan. 28, 2008) (a party "cannot argue in good faith that the court's construction of [a term] was unexpected" when it knew of the opposing party's

proposed construction of the term for months, but did not "seek to amend when it learned of that position"). Moreover, "[a] party is not free to amend its infringement contentions just because the Court does not adopt its exact proposed construction." *Azure*, 2012 U.S. Dist. LEXIS 195016, at *11-12; *see also Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 669 (E.D. Tex. 2007) (rejecting argument that claim construction decision was unexpected because the Court did not accept either party's proposed construction and because its "definition was not so different from the parties' proposal as to warrant amended infringement contentions based on claim construction").

"A court has the inherent power to enforce its scheduling orders and to impose sanctions." *Nike*, 479 F. Supp. 2d at 668 (citing Fed. R. Civ. P. 16(f)). With respect to excluding untimely evidence, "the Fifth Circuit directs courts to consider (1) the offending party's explanation for the untimeliness; (2) the importance of the amendment or evidence that might be excluded; (3) the potential prejudice to the movant; and (4) the availability of a continuance to cure any prejudice." *Biscotti*, 2017 U.S. Dist. LEXIS 79832, at *5.

**B.   The Easttom Report Should Be Stricken to the Extent It Relies on Previously Undisclosed Infringement Theories Relating to "Normal Operation" and eSIMs**

As discussed above, Uniloc's Infringement Contentions assert that the physical insertion of any valid SIM card meets the "linked user identification module" claim limitation. However, because that theory has been directly rejected by the Court's *Markman* Order, the Easttom Report contains entirely new arguments based upon his own construction of "normal operation" that is not supported by the Court's *Markman* Order, the claim language, or Uniloc's agreed-upon construction of the term in the *Google* Order. (Easttom Report at ¶¶21-23, 138-149, 194, 204, 206-210, 212, 213, 225, 226, 309, 320). The Easttom Report also contains new allegations that an eSIM can be a "linked user identification module." (*Id.* at ¶¶17, 18, 19, 136, 146, 159, 261, 275, 320, 342, 346, 353). These paragraphs of the Easttom Reports should be struck as untimely new infringement theories not

disclosed in Uniloc's Infringement Contentions. *See ROY-G-BIV*, 63 F. Supp. 3d at 699.

Moreover, the four factors outlined in *Biscotti*, 2017 U.S. Dist. LEXIS 79832, at *5, weigh heavily in favor of excluding these portions of the Reports. As to the first factor, there is no reasonable explanation for Uniloc's failure to identify eSIMs in its Infringement Contentions or to raise its proposed construction of "normal operation" during the claim construction proceedings in this case. Dr. Easttom relies *only* on publicly available documents for his allegations concerning eSIMs (Easttom Report at ¶19 n.2), and eSIMs are not new. Further, Uniloc never identified "normal operation" as a term requiring construction in this case, and it agreed to a construction of "normal operation" in the *Google* case on November 5, 2019. (Ex. 4 at 7, citing the P.R. 4-3 Statement). Therefore, Uniloc has no rational explanation for Dr. Easttom providing a new construction of "normal operation" and using that construction as a basis for a new, never-previously-disclosed infringement theory. The fact that the Court's construction of "linked user identification module" disposed of Uniloc's infringement theory does not give Uniloc the right to allege an entirely new theory of infringement in its opening infringement report. *ROY-G-BIV*, 63 F. Supp. 3d at 699; *Finisar Corp.*, 424 F. Supp. 2d at 901; *see also Sycamore IP*, 2018 WL 1695231, at *10 ("[C]ourts in this district have been clear that Local Patent Rule 3-6 is meant to prevent amendments of the nature proposed by [plaintiff] here—that is, introducing new theories of infringement on the eve of trial.").

The second factor also supports exclusion. Dr. Easttom's assertions regarding eSIMs are merely "supplemental to [Uniloc's] original basis for infringement," and thus "do[] not seem critically important because [Uniloc] may rely on the theories in its Infringement Contentions" relating to SIM cards. *Biscotti*, 2017 U.S. Dist. LEXIS 79832, at *10-11. Indeed, Dr. Easttom doesn't provide any evidence that any of the Accused Products utilize eSIMs. While Dr. Easttom's new proposed construction of "normal operation" is important to Uniloc's *new* infringement theory, it is irrelevant to

the theories properly disclosed in Uniloc's original Infringement Contentions. Indeed, if the new construction was important to Uniloc's Infringement Contentions, Uniloc would have proposed that term for construction in this case and would not have *agreed to a different construction* of "normal operation" in the *Google* case months ago. *O2 Micro*, 467 F.3d at 1364.

As to the third factor, there could be no greater prejudice than permitting Uniloc to unilaterally construe the term "normal operation" and then use that construction to advance entirely new infringement theories *after* the close of fact discovery and *after* the Court issued its *Markman* Order. Not only has Uniloc taken from the Court the responsibility of construing this term, it has denied Samsung an opportunity to participate in the claim construction process. For instance, Samsung would have requested constructions of "normal operation" and "mounting" (with respect to eSIMs) during claim construction. Samsung established one of its principal defenses to the Infringement Contentions for *every* claim during claim construction, namely that Uniloc's theory that any SIM card placed inside a mobile phone is a "linked user identification module" is incorrect. (*See* Dkt. 61 at 13-17).

Furthermore, the Docket Control Order ("DCO") provides for a *very compressed* expert discovery timeframe. The current DCO provides only 21 days after service of expert reports to serve rebuttal reports (March 9), and only 21 days thereafter to complete expert discovery and file dispositive motions (March 30). (Dkt. 40 at 3). This schedule is immensely challenging, even if Uniloc had timely disclosed its new infringement theories. Since it did not, Samsung is further prejudiced, as it would need to analyze the Easttom Report and provide a rebuttal report and conduct expert discovery on that belatedly disclosed information in this compressed timeframe. *Compare, e.g.*, *Biscotti*, 2017 U.S. Dist. LEXIS 79832, at *11 (striking report even though defendant had *two months* to respond, holding that "it is not reasonable to require [defendant] to make a significant shift in the few months before trial"); *see also Nike*, 479 F. Supp. 2d at 670 (striking new infringement theories asserted for the first time "six

12

months after its initial contentions, and a little over a month prior to the close of discovery").[7]

Given the remainder of the schedule, including the deadlines for dispositive motions (March 30), the pretrial conference (June 15), and trial (July 6), there is no room in the schedule for a continuance to cure the prejudice faced by Samsung. As such, the fourth factor supports exclusion.

### C.    Dr. Easttom's New DOE Arguments Should Be Stricken

In the Easttom Report, Uniloc discloses, for the first time, DOE infringement allegations. (Easttom Report at ¶¶101, 146, 152, 170, 232, 267, 372-375). Courts in this District have repeatedly "struck doctrine of equivalents allegations [in expert reports] when a party simply included a blanket or boilerplate statement (not tied to any particular claim element) such as 'any element not literally met is met by the doctrine of equivalents'" because such a reservation does not provide adequate notice under the Local Rules. *Biscotti*, 2017 U.S. Dist. LEXIS 79832, at *13. Dr. Easttom's DOE allegations should thus be struck. *Id.*; *see also Uniloc v. Samsung*, Case No. 2:18-cv-506-JRG, Dkt. 48 (filed Nov. 22, 2019) (Ex. 6 at 5) (holding that "Uniloc cannot rely upon a purported reservation of rights to unilaterally, or even bilaterally, expand its rights beyond the scope of the Court's rules").

Application of the *Biscotti* factors also weighs in favor of striking Dr. Easttom's opinions relating to the DOE. There is no legitimate reason for Uniloc's failure to include its DOE theories in its Infringement Contentions as the new theories are not based on new evidence or Court rulings. The DOE theories are also unimportant, as Uniloc primarily relies on literal infringement theories in the Easttom Report, and the DOE theories are merely "supplemental." *Biscotti*, 2017 U.S. Dist. LEXIS 79832, at *10-11. The third and fourth factors also favor exclusion, due to the incurable prejudice to Samsung in having to address DOE theories for the first time at this late date, including Samsung's

---

[7] Because the deadline for Samsung's rebuttal reports is before the Court will decide this Motion, Samsung's technical expert, Dr. Medvidovic, attempted to address Uniloc's untimely disclosures of new theories. However, given the lack of time for a proper analysis of these items, Uniloc's belated disclosures are still unduly prejudicial to Samsung.

inability to request constructions of "normal operation" and "mounting."

### D.     Dr. Easttom's New Indirect Infringement Allegations Should Be Stricken

In the Easttom Report, Uniloc discloses, for the first time, indirect infringement allegations. (Easttom Report at ¶¶ 365-371). These opinions, too, should be stricken as beyond the scope of Uniloc's Infringement Contentions *and* Amended Infringement Contentions. *ROY-G-BIV*, 63 F. Supp. 3d at 699. Specifically, Uniloc's contentions do not set forth *any* allegations of indirect infringement for any claims. Uniloc's original and Amended Infringement Contentions simply assert that Samsung *directly* infringes the '654 patent "by making, using, selling, offering to sell, and importing electronic devices that utilize antitheft measures, including [list of Accused Products]." (Ex. 2 at 1; Ex. 3 at 1).

Application of the *Biscotti* factors also weighs in favor of striking Dr. Easttom's indirect infringement opinions. There is no legitimate reason for Uniloc to have failed to include its indirect infringement theories in its contentions. Uniloc's newly-added indirect infringement allegations are not based on newly discovered evidence or recent developments in the case. The indirect infringement theories are also unimportant, as Uniloc relies on direct infringement for every claim. *Biscotti*, 2017 U.S. Dist. LEXIS 79832, at *10-11. And, again, the third and fourth factors favor exclusion, due to the incurable prejudice to Samsung in asserting indirect infringement after the close of fact discovery.

### E.     Uniloc's Amended Infringement Contentions Should Be Stricken

Uniloc cannot show good cause for amending its Infringement Contentions under P.R. 3-6 because the Court's claim construction order was not "unexpected or unforeseeable." Uniloc has known since September 2019, *four months* before the Amended Infringement Contentions were served, that Samsung contended that there is "only one" user identification module that permits "normal operation." (Dkt. 34-1). Thus, Uniloc cannot assert that the Court's construction of "linked user identification module" was surprising or unexpected, requiring it to unilaterally decide and then apply a new construction for "normal operation," accuse a new component (eSIMs), and

add a new DOE argument for "linked user identification module." *Azure*, 2012 U.S. Dist. LEXIS 195016, at *11; *Parallel Networks*, 2011 U.S. Dist. LEXIS 163749, at *33-34; *Saffran*, 2008 U.S. Dist. LEXIS 125225, at *8. Further, the Court adopted Uniloc's proposed construction of "deblocking code." Thus, Uniloc cannot assert the Court's construction was "unexpected or unforeseeable," requiring Uniloc's new DOE argument. *Id.*

### F.    Samsung Should Be Awarded Sanctions for This Motion

Uniloc should be sanctioned for adopting new infringement theories in the Easttom Report. *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 858 (E.D. Tex. 2017) ("The Court has the inherent power to sanction conduct."). The Local Patent Rules are "designed specifically to require parties to crystallize their theories of the case early in the litigation . . . ." *O2 Micro*, 467 F.3d at 1364. Conduct warranting sanctions includes "a party's bad faith manner of pursuing the case," including "tactics of delay, oppression, harassment and massive expense to reduce [a party] to exhausted compliance," and a party's "evasiveness and intransigence in disobeying court orders." *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 585 (5th Cir. 2008) (internal quotation marks and citation omitted). Uniloc's shifting sands approach to its infringement allegations on the eve of trial should not be condoned, and the Court should award Samsung its fees and costs in having to bring this motion in order to stop Uniloc's efforts to skirt the Court's Orders and Local Patent Rules, as well as discouraging similar gamesmanship in the future. *O2 Micro*, 467 F.3d at 862 ("Any sanction . . . must also be sufficient to deter future litigants from engaging in similar behavior.").

## III.    CONCLUSION

For all of the foregoing reasons, Samsung respectfully requests that the Court strike Paragraphs 17-19, 21-23, 101, 136, 138-149, 152, 159, 170, 194, 204-210, 212, 213, 225, 226, 232, 261, 267, 275, 309, 320, 342, 346, 353, 365-375 of the Easttom Report and Uniloc's Amended Infringement Contentions, and award Samsung its costs for bringing this motion.

Dated: March 9, 2020

By: */s/ Allan A. Kassenoff*
Richard A. Edlin
Allan A. Kassenoff
Justin A. Maclean
Jeffrey R. Colin
Elana Araj
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10002
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: edlinr@gtlaw.com
Email: kassenoffa@gtlaw.com
Email:  macleanj@gtlaw.com
Email:  colinj@gtlaw.com
Email:  araje@gtlaw.com

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

***Attorneys for Defendants Samsung Electronics
Co., Ltd., and Samsung Electronics America,
Inc.***

## **<u>CERTIFICATE OF CONFERENCE</u>**

On March 6, 2020, Allan Kassenoff, counsel for Samsung, conferred with Aaron Jacobs,

counsel for Uniloc, as required by Local Rule 7(h).  Mr. Jacobs confirmed that Uniloc opposes this

motion.  Discussions conclusively ended at an impasse, leaving an open issue for the Court to resolve.

*/s/ Allan A. Kassenoff*
Allan A. Kassenoff

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of March 2020, all counsel of record are being served with a copy of this document via e-mail.

*/s/ Allan A. Kassenoff*
Allan A. Kassenoff


### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule 5(a)(7)(A), the undersigned hereby certifies that the corresponding documents were filed under seal pursuant to the Court's Protective Order (Dkt. 23).

*/s/ Allan A. Kassenoff*
Allan A. Kassenoff