# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO. LTD.,<br><br>　　　Defendants. | Case No.: 2:18-cv-00508-JRG-RSP |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO
DEFENDANTS' RENEWED MOTION TO STAY PENDING
*INTER PARTES* REVIEW OF U.S. PATENT NO. 6,836,654**

Samsung's reply brief largely ignores Uniloc's strongest arguments in opposition to Samsung's motion to stay. First, Samsung's reply completely misses Uniloc's point regarding the importance of the fact that Samsung's own IPRs were not instituted.  It is not that the IPRs were not instituted, it was the PTAB's reason for not instituting.  Specifically, in rejecting both of Samsung's petitions the PTAB stated:

> Instituting a trial under the facts and circumstances of this case would be an inefficient use of Board resources.  As Petitioner acknowledges, jury selection is set to begin in the parallel litigation involving Petitioner on July 6, 2020, which is approximately six months prior to any expected decision from the Board in this case if trial were instituted.

Dkt. No. 69-6 (Denial of Institution in IPR2019-01219) at 3-4. The PTAB rejected Samsung's two petitions because this case is close to trial. Staying this case now is counter to what the PTAB intended to happen. Samsung's reply brief fails to address this. Second, Samsung ignores the fact that not all asserted claims are involved in the Microsoft instituted IPR.  Specifically, claims 1, 3, 5 and 7 of the '654 patent that are asserted against Samsung, however, are not subject to an instituted IPR. Thus, as Uniloc argued in its opposition, the PTAB proceedings are unlikely to provide much, if any, simplification in this case.

Also, Samsung repeatedly refers to other litigation in which Uniloc did not oppose a motion for stay pending IPR.[1] "[Samsung's] argument regarding [Uniloc's] amenability to previous motions to stay is irrelevant because motions to stay are considered on a case-by-case basis." *Cellular Comm.'s Equip. LLC v. HTC Corp.*, 2018 WL 4261194, at *2 (E.D. Tex. May 8, 2018) (citation omitted). Thus, Samsung's arguments regarding motions to stay in other Uniloc litigation should be rejected. *Id.*

---

[1] None of the cases Uniloc agreed to stay had a trial scheduled to commence in less than four months.

1

A.     **SIMPLIFICATION**

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019). Samsung's motion to stay is based on IPRs filed by Microsoft. The PTAB rejected one of Microsoft's petitions, specifically as to claims 1-9, but did institute as to claims 10-20. *See* Dkt. Nos. 69-7, 69-8. Thus, claims 1, 3, 5 and 7 that are asserted against Samsung are not subject to an instituted IPR. Those claims will be unaffected by the outcome of the IPRs, and staying this case would unreasonably postpone the trial while not eliminating the ultimate need for it *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) (holding that a stay pending IPR final decision would not fulfill the court's obligation to "secure the just, speedy, and inexpensive determination of every action.").

This Court has previously denied stays where a number of asserted claims were not subject to an instituted IPR. *See Saint Lawrence v. ZTE*, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2019) (resolving fewer than all claims subject to IPR would "have a negligible impact on potentially streamlining" the case); *see also Papst Licensing GMBH & Co., KG v. Apple, Inc.*, No. 6:15-CV-1095, Doc. No. 388 at 4 (E.D. Tex. June 16, 2017) (finding that the simplification factor cut against a stay when IPRs were only instituted on four out of the five asserted patents).

In its opposition, Uniloc pointed out that Samsung's pleading of non-IPR invalidity defenses under 35 U.S.C. §§ 101 and 112 weigh against granting a stay. *See* Dkt. No. 75 at 9. Samsung has still not withdrawn those non-IPR defenses. The assertion of such non-IPR defenses "weighs against a discretionary stay." *Peloton Interactive*, 2019 WL 3826051, at *3 ("[defendant] will likely assert invalidity theories under 35 U.S.C. §§ 101, 102, 103, 112(1) and

112(2), suggesting that a stay would not significantly simplify the issues in the present case"). As Samsung maintains its numerous invalidity theories that cannot be dealt with via IPR proceedings, this factor weighs against staying this case.

Finally, as Uniloc pointed out in its opposition, even though Samsung has agreed to be bound by the same estoppel that limits Microsoft should Microsoft's IPR result in a final written decision, this will not result in any simplification, as Samsung has not asserted any of the combinations asserted in the instituted IPR. Dkt. No. 75 at 3-4. Therefore, the Microsoft PTAB proceedings are unlikely to provide much, if any, simplification in this case.

### B. STAGE OF THE PROCEEDINGS

As explained in Uniloc's opposition brief here, these proceedings have been ongoing for more than a year, discovery is closed, claims have been construed, expert reports have been served, expert discovery is underway and trial is scheduled to commence on July 6, 2020. Where, as here, a case has reached an advanced stage, courts have routinely found the stage of the litigation weighs heavily against a stay. *Intellectual Ventures II LLC v. FedEx Corp.*, 2017 WL 4812434, at *2 (E.D. Tex. Oct. 24, 2017)(finding that because the parties have already invested substantial effort and resources during discovery and in preparing claim construction briefing weighed against staying this case); *Realtime Data, LLC v. Rackspace US, Inc.*, 2017 WL 3149142, at *2 (E.D. Tex. July 25, 2017) (denying renewed motion to stay where, since the prior order denying the stay, the case had continued to progress with the court having construed the claims, fact discovery was set to close in a week, and the court had resolved other motions); *see also NetFuel, Inc. v. Cisco Sys. Inc.*, 2020 WL 836714, at *1 (N.D. Cal. Feb. 20, 2020) (denying motion to stay, the because the court had already issued the claim construction order, Cisco had filed and briefed its motion for summary judgment, a trial date was set, discovery was complete,

and expert discovery was underway); *Boston Sci. Corp. v. Edwards Lifesciences Corp.*, No. CV 16-275-JFB-SRF, 2018 WL 1891403, at *2 (D. Del. Apr. 20, 2018) (denying stay where trial date was set for three months after decision regarding stay),

The cases cited by Defendants do not support their assertion that stays are routinely granted in cases as advanced as this one. *See e.g.*, *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, 2016 WL 1162162, at *2 (E.D. Tex. Mar. 23, 2016)("The late stage of this case weighs against a stay, as the parties have already expended significant time and resources litigating."); *SSL Servs., LLC v. Cisco Sys., Inc,* 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016)("Nonetheless, the late stage of this case weighs against a stay"). These cases were ultimately stayed because, unlike this case, all of the asserted patents claims in those cases were the subject of instituted IPRs. Neither of them supports an argument that the stage of this lawsuit, with trial less than four months away, supports the issuance of a stay.

Samsung's attempt to derail this case via the present motion should be rejected and Samsung's motion to stay should be denied.

**C.     PREJUDICE**

In its Opposition brief, Uniloc explained that it will suffer prejudice due to its inability to enforce the asserted claims that are not subject to an instituted IPR if a stay is granted and causes a delay. Delay caused from issuance of a stay or instituted IPR has been found to cause prejudice. *See Peloton Interactive*, 2019 WL 3826051, at *4; *Realtime Data*, 2017 WL 3149142, at *2 ("any delay in the vindication of patent rights is prejudicial to a patent owner"). In addition, having proceeded through the exchange of expert reports, Samsung is now in a position where, if the case is stayed, it will have the luxury of many months, if not years, to examine and dissect

4

Uniloc's expert reports and depositions in order to prepare dispositive motions and Daubert motions that would otherwise be due on March 30, 2020.

Finally, Samsung argues on pages 3-4 of its reply brief that Uniloc somehow delayed for years, since 2011, in filing this infringement suit. Uniloc Luxembourg S.A., however, did not obtain the '654 patent-in-suit until January 2018, and did not assign the patent to plaintiff Uniloc 2017 until May 2018. The original complaint asserting the '654 patent against Samsung was filed on July 23, 2018, naming Uniloc 2017 LLC ("Uniloc 2017") as the owner of the patent in suit, and Uniloc USA Inc. ("Uniloc USA") as an exclusive licensee. *See* Case No. 2:18-cv-00309-JRG, at Dkt. No. 1.

A defendant in an action in a different United States District Court has argued the License Agreement between Uniloc 2017 and Uniloc USA divided the rights in the patents owned by Uniloc 2017 in such a way that neither Uniloc 2017 nor Uniloc USA had standing to sue, and thus that court lacked subject matter jurisdiction. Uniloc disagreed with that argument, but to remove that issue from this action (and other actions in which Uniloc USA was a plaintiff) on November 16, 2018, Uniloc 2017 and Uniloc USA terminated the License Agreement, restoring all rights in the patent in suit to Uniloc 2017 and filed a motion to dismiss the 18-cv-00309 case without prejudice. *See* Case No. 2:18-cv-00309-JRG, at Dkt. No. 26. Then, to resolve any question as to this Court's having subject matter jurisdiction over the controversy, Uniloc 2017 refiled this action on November 17, 2018, 2:18-cv-00508, naming only Uniloc 2017 as a plaintiff. Thus, Samsung's attempt to show years of delay on the part of Uniloc should be rejected.

For the reasons set forth above, and in Uniloc's Opposition Brief, Samsung's motion should be denied.

Dated: March 20, 2020  Respectfully submitted,

/s/ Kevin Gannon
Paul J. Hayes
Kevin Gannon
Aaron S. Jacobs
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: phayes@princelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
NELSON BUMGARDNER ALBRITTON P.C.
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
NELSON BUMGARDNER ALBRITTON P.C.
111 West Tyler Street
Longview, TX 75601
Tel: (903) 757-8449
Fax: (903) 758-7397

ATTORNEYS FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

I certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ Kevin Gannon

6