**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO. LTD., <br><br> *Defendants.* | Civil Action No. 2:18-cv-508-JRG |

**SAMSUNG'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE**
**PORTIONS OF THE EXPERT REPORT OF DR. WILLIAM "CHUCK" EASTTOM II**
**AND UNILOC'S AMENDED INFRINGEMENT CONTENTIONS**

In its Opposition, Uniloc concedes—as it must—that it was aware, since the beginning of the claim construction process, of Samsung's construction of "linked user identification module" as being "the only one" which may be used with the claimed device. (*See* Dkt. 96, the "Opposition" or "Opp.," at 3-4). Given this undisputed knowledge, Uniloc's argument relies almost entirely on its position that the Court's construction of "linked user identification module" was unexpected or unforeseeable at "the time the *original infringement contentions were served*."[1] (*Id.* at 7-9 (quoting *Azure Networks, LLC v. CSR PLC*, 2012 WL 12919538 (E.D. Tex. Dec. 4, 2012))). However, Uniloc's support for its position rests on dictum from *Azure Networks* regarding P.R. 3-6(a) that "appears to be at odds with all the other cases from this district that address the issue." *Sycamore IP Holdings LLC v. AT&T Corp.*, 2018 WL 1695231, at *9 (E.D. Tex. Apr. 6, 2018) (Bryson, J., sitting by designation). As Judge Bryson stated in *Sycamore IP Holdings*, "[t]he great weight of authority in this district supports defendants' position [i.e., that a plaintiff is permitted to amend its infringement contentions only when the court's construction was unexpected at the time of the parties' claim construction briefing]." *Id.* at *5. Thus, based on the undisputed timing and content of the disclosures of Samsung's proposed claim construction position, the Court's construction was expected and foreseeable, and Uniloc's Amended Infringement Contentions (and, thus, the Easttom Report as well) are improper and should be struck. For all of these reasons, and as demonstrated further below, there is no good cause for amending the Infringement Contentions or allowing the Easttom Report to include infringement theories that were never disclosed in the operative Infringement Contentions.

## I.     THE COURT'S CONSTRUCTION OF "LINKED USER IDENTIFICATION MODULE" WAS NOT UNEXPECTED OR UNFORESEEABLE

Foreseeability under P.R. 3-6(a) "is determined from the time of the claim construction briefing, *rather than* from the time the original infringement contentions are served." *Sycamore*

---

[1] All emphasis is added unless otherwise indicated.

*IP*, 2018 WL 1695231, at *7. Uniloc's argument that *Azure Networks* holds otherwise (*see* Opp. at 14) was addressed, and expressly rejected, by the Court in *Sycamore IP*. Specifically, in his decision denying Sycamore's attempt "to revive its case by amending its infringement contentions" following claim construction—which is what Uniloc attempts to do here—Judge Bryson explained that any position that foreseeability is determined from the time of the original infringement contentions "was dictum in *Azure Networks*, since the case involved Local Patent Rule 3-6(b), not Rule 3-6(a)." *Sycamore IP*, 2018 WL 1695231, at *7. In addition, Judge Bryson added that the dictum on which Uniloc relies "has not been followed in other cases, and it appears to be inconsistent with all of the other Eastern District decisions the Court has located addressing this issue." *Id.* Accordingly, Uniloc's position that the Court's claim construction was unforeseeable *when its original infringement contentions were served* is legally irrelevant.

Uniloc's argument that the Court's construction was also unforeseeable *at the time of claim construction briefing* is likewise unavailing. Uniloc argues that, at that time, it "could not have known which construction to go with" since "Samsung's construction changed literally during the last two weeks, well after claim construction briefing was complete." (Opp. at 10). However, as Uniloc well knows, Samsung did not *change* its construction. Rather, to narrow the disputes for the claim construction hearing, Samsung dropped certain elements of its proposed construction which were irrelevant to both non-infringement and invalidity. (*See* Dkts. 52, 52-2). The construction that remained—i.e., the one adopted by the Court—contained the identical "only one" requirement which had been proposed by Samsung since the beginning of the claim construction process. Moreover, any excuse that Uniloc could not know which construction to go with has been rejected by this Court since "the issue is whether the Court's construction was unexpected or unforeseeable—*not* whether the party was uncertain as to *which* particular construction the Court would ultimately adopt." *See, e.g.*, *Saffran v. Boston Sci. Corp.*, 2008 U.S. Dist. LEXIS 125225,

at *8 (E.D. Tex. Jan. 28, 2008) (a party "cannot argue in good faith that the court's construction of [a term] was unexpected" when it knew of the opposing party's proposed construction of the term for months, but did not "seek to amend when it learned of that position").[2] In sum, Uniloc was well-aware of Samsung's construction containing the "only one" limitation from the very outset of the claim construction process, which is the proper time for measuring foreseeability; and, if Uniloc desired to amend its infringement contentions, it was required to do so at that time, and not wait until after the Court adopted Samsung's construction. *See, e.g.*, *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 553 (E.D. Tex. 2018) (Finding that, when the patent owner was aware of the possibility that the defendant's proposed claim construction "could undermine the patent owner's infringement contentions," the patent owner "should have taken precautions by framing its infringement contentions to avoid that risk.").

## II.  DR. EASTTOM'S NEW INFRINGEMENT OPINIONS ARE NOT SUPPORTED BY THE INFRINGEMENT CONTENTIONS AND SHOULD BE STRICKEN

Uniloc fails to cite *any* support in its original Infringement Contentions for Dr. Easttom's new opinions.[3] Indeed, Uniloc concedes that the Easttom Report relies on arguments that had not been disclosed in its original Infringement Contentions. With respect to Dr. Easttom's arguments regarding "normal operation," for example, Uniloc does not dispute that: (1) Dr. Easttom relies on his own construction in his report which had never been disclosed before; (2) the new construction contradicts Uniloc's representations during claim construction; (3) Uniloc never asserted that "normal operation" needed construction in this case; and (4) the new construction is inconsistent with the construction to which Uniloc previously agreed in the *Google* matter. (*See* Mot. at 4-5, 10-11; Opp. at 10-11). Similarly, Uniloc does not dispute that the original Infringement

---

[2] Uniloc has not cited any authority supporting its argument that the Court's construction was unforeseeable due the construction adopted in *Motorola*, a separate matter. (*See* Opp. at 10).

[3] Uniloc served the Amended Infringement Contentions two days *after* the Easttom Report.

Contentions do not identify eSIMs or allege how any product that utilizes an eSIM could satisfy the "mounting" limitations of the asserted claims. (*See* Mot. at 6; Opp. at 11-12). Further, Uniloc does not dispute that the original Infringement Contentions lack any allegations regarding indirect infringement or infringement under the doctrine of equivalents. (*See* Mot. at 6; Opp. at 12-13). Accordingly, all of Dr. Easttom's new infringement theories should be stricken. *See ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014) ("Expert infringement reports may not introduce theories not *previously* set forth in infringement contentions.").

## III.  UNILOC HAS NOT DEMONSTRATED GOOD CAUSE FOR AMENDING THE INFRINGEMENT CONTENTIONS UNDER P.R. 3-6(b)

As discussed above, Samsung never modified its core position—which it had taken since the very outset of the claim construction process—that the "linked user identification module" is the "only one" that permits normal operation. Therefore, Uniloc should have sought leave to amend its contentions at that time in order "to avoid th[e] risk" that the Court would agree with Samsung, *IDB Ventures*, 360 F. Supp. 3d at 553. Moreover, as demonstrated in the Motion and further below, no good cause exists to amend them now.

Further, Uniloc admits in its Opposition that its "prior theory [of infringement] is untenable in light of the Court's construction." (Opp. at 14). However, that does not suggest that all of Dr. Easttom's new opinions "are vital." (*Id.*) With respect to eSIMs, for example, none of Dr. Easttom's new theories are relevant—let alone important—to the alleged infringement by any of the Accused Products identified in the original Infringement Contentions. Similarly, Uniloc admits that Dr. Easttom's new doctrine of equivalents and indirect infringement arguments are supplemental to Uniloc's theories regarding literal and direct infringement. In fact, Uniloc did not even include these new indirect infringement theories in its Amended Infringement Contentions.

In addition, permitting Uniloc to rely on Dr. Easttom's new infringement opinions and the

Amended Infringement Contentions would be prejudicial to Samsung since, among other reasons, under the current schedule Samsung is unable to challenge Dr. Easttom's new constructions of "normal operation" and "mounting." Moreover, those new constructions impact Samsung's principal non-infringement defenses—appropriately established and confirmed through the claim construction process—with respect to every asserted claim. Had those opinions been disclosed in a timely fashion, Samsung would have sought its own constructions for those terms.[4] As it now stands, there is no room in the current schedule for a continuance to conduct additional claim construction proceedings or fact discovery and cure the prejudice to Samsung.

## IV.   UNILOC HAS NOT MOVED FOR LEAVE TO AMEND THE INFRINGEMENT CONTENTIONS UNDER P.R. 3-6(b)

In its Opposition, Uniloc requests—for the first time—"that the Court grant leave to allow the amendments . . . pursuant to P.R. 3-6(b)." (Opp. at 13). Uniloc's request is untimely and procedurally inappropriate. First, in violation of P.R. 3-6(b), Uniloc did not seek leave until over a month after it served its Amended Infringement Contentions. Second, Uniloc has provided no authority to support its inclusion of its request for leave in its Opposition rather than in a stand-alone motion. Third, Uniloc never met and conferred with Samsung regarding its motion, as required by L.R. CV-7(h). Accordingly, Uniloc's request for leave should be denied. *See, e.g.*, *Sycamore IP*, 2018 WL 1695231, at *11 ("In this case, by failing to comply with the Local Patent Rules, Sycamore has forfeited its opportunity to assert the doctrine of equivalents.").

---

[4] Further, the new constructions proposed by Dr. Easttom are not supported by the intrinsic evidence. For example, the claim language of the '654 patent makes clear that "normal operation includes a processing of *all* outgoing calls" (*see, e.g.*, claim 1) and is *not* limited to making "calls from the mobile phone number associated with the linked device." (Opp. at 11). Moreover, neither the Easttom Report nor the Amended Infringement Contentions explain *how* Dr. Easttom is construing "mounting" such that eSIMs can be "mount[ed]" in accordance with the claims. (*See* Mot. at 6).

Dated: April 6, 2020

By: */s/ Allan A. Kassenoff*

Richard A. Edlin
Allan A. Kassenoff
Justin A. Maclean
Jeffrey R. Colin
Elana Araj
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10002
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: edlinr@gtlaw.com
Email: kassenoffa@gtlaw.com
Email:  macleanj@gtlaw.com
Email:  colinj@gtlaw.com
Email:  araje@gtlaw.com

Melissa R. Smith
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

***Attorneys for Defendants Samsung Electronics
Co., Ltd., and Samsung Electronics America,
Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 6th day of April 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Allan A. Kassenoff*
Allan A. Kassenoff
