# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO. LTD.,<br><br>    Defendants. | Case No.: 2:18-cv-00508-JRG-RSP |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION
TO STRIKE PORTIONS OF DR. WILLIAM "CHUCK" EASTTOM II
AND UNILOC'S AMENDED INFRINGEMENT CONTENTIONS**

3452298.v1

Plaintiff Uniloc 2017 LLC ("Uniloc") respectfully submits this Sur-Reply in opposition the Motion to Strike, Dkt. 77 ("Motion") filed by Defendants Samsung Electronics America, Inc. and Samsung Electronics Co Ltd.'s (collectively "Samsung").

Samsung, once again, buries the lead. Samsung, once again, claims it should have been expected and obvious that the Court would adopt Samsung's proposed construction that there is "only one" linked user identification module that permits "normal operation" of the claimed device. Dkt. No. 99 (Reply) at 1, 2, 3, 4. But, once again, that was not Samsung's proposed construction until two weeks before the claim construction hearing.

Samsung, incongruously, acknowledges that it altered its construction in December 2019, but does not agree that it "changed" its construction for the term "linked user identification module." Indeed, Samsung alleges (using italics) that

> Samsung did not *change* its construction. Rather, to narrow the disputes for the claim construction hearing, Samsung dropped certain elements of its proposed construction which were irrelevant to both non-infringement and invalidity.

*Id*. at 2 (emphasis in original). This is a decidedly peculiar argument. Again, here is Samsung's construction from September 2019:

> a user identification module whose data has been read by, and stored on, the mobile radio telephony device, and that is the only one that permits normal operation of the device.

And, here is Samsung's construction from December 2019:

> a user identification module that is the only one that permits normal operation of the device.

To start, it is double-speak to suggest that this is not a "*change*." The September 2019 construction was thirty-one-words-long and sought to add four extraneous limitations. The December 2019 construction is sixteen-words-long and has one additional limitation. Further, the point of claim construction is to "determine[e] the meaning and scope of the patent claims

1

asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996). The point is most assuredly *not* to insert elements to address "both non-infringement and invalidity." By arguing otherwise, Samsung admitted that its original construction was an attempt to lard up this key term with extraneous limitations in the hope of avoiding infringement or invalidating the claim. But, recognizing the futility of its original proposal, it "dropped certain elements of its proposed construction."

Samsung insists that the proper time to amend infringement contentions is at the time of claim construction briefing. Dkt. No. 99 at 1. Even if that is true, it brings us back, then, to Samsung's original proposal, *i.e.*, the proposal that was *actually argued* during claim construction. In that proposed construction, Samsung sought to insert four limitations into the claim, apparently for purposes of "both non-infringement and invalidity":

- the user identification module has data;
- that data has been read by the mobile radiotelephony device;
- that data has been stored on the mobile radiotelephony device; and
- the user identification module is the only one that permits normal operation.

The Court did not adopt this construction. Yes, one of the four limitations Samsung sought in its September 2019 proposal remained in Samsung's December 2019 proposed construction; and, yes, the Court did adopt that construction less than one month later. But, how could Uniloc have anticipated this change? There was no suggestion before December 2019 that Samsung would move off of its thirty-one-word proposal. And, even if there had been such a suspicion, how could Uniloc have known which—and how many—of the four limitations would remain?

The following chart shows the key events in the cycle of infringement contentions and claim construction, and the short window during which Uniloc might have amended in light of Samsung's "narrowed" construction:



11/2018
Uniloc sues Samsung for infringement.
12/2018
01/2019
02/2019
03/2019
Uniloc serves Infringement Contentions.
04/2019
05/2019
06/2019
07/2019
08/2019
Parties identify terms for construction.
09/2019
Samsung proposes "a user identification module whose data has been read by, and stored on, the mobile radio telephony device, and that is the only one that permits normal operation of the device" as construction for "linked user identification module."
10/2019
11/2019
12/2019
Samsung proposes "a user identification module that is the only one that permits normal operation of the device."
Two-week window during which Uniloc could have amended its Contentions
01/2020
Claim construction hearing.
Magistrate Judge Payne issues claim constructions.
02/2020
Objections to claim constructions overruled.

Unless the Court believes that Uniloc was required to amend its Infringement Contentions after claim construction briefing was complete, and specifically during the two-week interval between when [1] Samsung suggested a claim construction that did not—in Samsung's words—attempt to insert limitations to address "both non-infringement and invalidity," and [2] the claim construction hearing, then Uniloc's Amended Infringement Contentions were timely.  And, if that amendment was timely, then the Samsung's Motion boils down to the following:  In September 2019, Samsung proposed a thirty-one-word, four-limitation construction for the key term "linked user identification module."  Neither this Court, nor the *Motorola* court, nor Uniloc, nor even Samsung now, suggests that Samsung's original construction was correct.  Three months after making its proposal, and after all briefing was complete, Samsung revised its proposal just two weeks before the claim construction hearing.  The Court accepted Samsung's revised proposal, and so Uniloc timely amended its Infringement Contentions to match that construction.  Uniloc also timely served its expert report on infringement, again based upon that construction.

If Uniloc had amended its Infringement Contentions back during the claim construction briefing, such amendment would have captured the Court's final construction only by shotgun approach.  Indeed, if Uniloc had amended based upon Samsung's proposed constructions from September 2019, Uniloc would have fruitlessly amended as to nine terms, because Judge Payne rejected Samsung's constructions for all save two and the December 2019 construction of "linked user identification module."

If Uniloc timely amended its Infringement Contentions in light of P.R. 3-6(a), which does not require leave of court, then Samsung's other arguments fall to the floor.  To the extent the

4

Court believes that Uniloc should have sought leave to amend pursuant to P.R 3-6(b), Uniloc's Opposition laid out those elements.

Finally, it is worth pointing out that Samsung's argument regarding eSIMs appears to require precognition or telepathy.  Samsung argues:

> Uniloc does not dispute that the original Infringement Contentions do not identify eSIMs or allege how any product that utilizes an eSIM could satisfy the "mounting" limitations of the asserted claims.

Dkt. No. 99 at 3-4.  Of course Uniloc's Infringement Contentions did not include allegations regarding eSIMs.  Indeed, even if Uniloc had amended its Infringement Contentions in December 2019, those contentions would not have mentioned eSIMs.  As Uniloc explained in its Opposition, Samsung did not release mobile telephones with eSIMs until the week before discovery closed in February 2020.

For the foregoing reasons, and for those stated in Uniloc's Opposition, Uniloc respectfully requests that Samsung's Motion be denied.

Date: April 13, 2020                                  Respectfully submitted,

/s/ Aaron S. Jacobs
Paul J. Hayes
Brian A. Tollefson
Kevin Gannon
Aaron S. Jacobs
PRINCE LOBEL TYE LLP
One International Place - Suite 3700
Boston, MA 02110
Tel: 617-456-8000
Email: phayes@princelobel.com
Email: btollefson@pricelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
NELSON BUMGARDNER ALBRITTON PC

5


Case 2:18-cv-00508-JRG   Document 100   Filed 04/13/20   Page 7 of 7 PageID #:  2415

3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
NELSON BUMGARDNER ALBRITTON PC
111 West Tyler Street
Longview, TX 75601
Tel: (903) 757-8449

ATTORNEYS FOR THE PLAINTIFF

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                  /s/ Aaron S. Jacobs

6