**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>and SAMSUNG ELECTRONICS CO. LTD.,<br><br>        Defendants. | Case No.: 2:18-cv-00508-JRG-RSP<br><br>███████████████ |

**UNILOC'S MOTION TO STRIKE PORTIONS OF EXPERT REPORTS BY**
**SAMSUNG'S EXPERT NENAD MEDVIDOVIC**

3459152.v1

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................ 1

II.     LEGAL PRINCIPLES ....................................................................................................... 2

III.    ARGUMENT...................................................................................................................... 3

      A.      Portions of Dr. Medvidovic's Expert Report on Invalidity Should be
            Stricken for Failing to Identify and Apply Reliable Methods in Testing
            The Nokia 9000i Communicator ........................................................................... 4

      B.      Portions of Dr. Medvidovic's Expert Report on Noninfringement Should
            be Stricken for Failing to Identify and Apply Reliable Methods in Testing
            "Bixby" .................................................................................................................. 8

IV.     CONCLUSION.................................................................................................................. 11

i

## TABLE OF AUTHORITIES

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
  Case No. 9-13-cv-102, 2015 WL 9450793 (E.D. Tex. Apr. 20, 2015) ...................................... 4
*Burleson v. Tex. Dep't Crim. Justice*,
  393 F.3d 577 (5th Cir. 2004) ................................................................................................... 4
*Curtis v. M & S Petroleum, Inc.*,
  174 F.3d 661 (5th Cir. 1999) ................................................................................................... 3
*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ................................................................................................................. 2
*Finjan, Inc. v. Blue Coat Sys., Inc.*,
  Case No. 13-cv-03999, 2015 WL 4272870 (N.D. Cal. July 14, 2015)................................... 10
*Finjan, Inc. v. Cisco Sys. Inc.*,
  Case No. 17-cv-00072-BLF, Dkt. No. 549 (N.D. Cal. Apr. 17, 2020)................................ 7, 8
*Hathaway v. Bazany*,
  507 F.3d 312 (5th Cir. 2007) ................................................................................................... 3
*Hendricks v. Ford Motor Co.*,
  Case No. 4:12-CV-71, 2012 WL 12045429 (E.D. Tex. Sept. 6, 2012) ................................ 3, 7
*Johnson v. Arkema, Inc.*,
  685 F.3d 452 (5th Cir. 2012) ................................................................................................... 3
*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)................................................................................................................. 2
*Micro Chem., Inc. v. Lextron, Inc.*,
  317 F.3d 1387 (Fed. Cir. 2003)................................................................................................ 2
*Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*,
  725 F.3d 1377 (Fed. Cir. 2013)................................................................................................ 3
*Summit 6, LLC v. Samsung Elecs. Co.*,
  802 F.3d 1283 (Fed. Cir. 2015)................................................................................................ 2
*U.S. v. Valencia*,
  600 F.3d 389 (5th Cir. 2010) ................................................................................................... 2
*Viterbo v. Dow Chem. Co.*,
  826 F.2d 420 (5th Cir. 1987) ................................................................................................... 3
*Williams v. Toyota Motor Corp.*,
  Case No. 4:08-cv-487, 2009 WL 305139 (E.D. Tex. Feb. 6, 2009) ......................................... 3
*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
  Case No. 09-157-RGA, 2013 WL 1702159 (D. Del. Feb. 25, 2013) ........................................ 8

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ......................................................................................................... 3
Fed. R. Evid. 702 ......................................................................................................................... 2

ii

Plaintiff, Uniloc 2017 LLC ("Uniloc"), hereby respectfully moves to strike portions of the expert reports on invalidity and non-infringement by the expert for Defendants, Samsung Electronics America, Inc. and Samsung Electronics Co Ltd. (collectively "Samsung"), for the reasons set forth below.

## I.      INTRODUCTION

Samsung's expert, Dr. Medvidovic, prepared two expert reports in this matters on invalidity and non-infringement, respectively served on February 18, 2020, and March 9, 2020. Exs. A (invalidity report), B (non-infringement report).[1] Dr. Medvidovic was deposed regarding his opinions and reports on March 26 and 27, 2020. In providing his opinion on invalidity, Dr. Medvidovic relies largely upon a Nokia 9000i Communicator User Manual, and allegedly, the accompanying Nokia 9000i device. *See generally*, Ex. A; *see also id.* at ¶¶ 60, 65-68, § X.A, Ex. D-2. In his report on non-infringement, Dr. Medvidovic opines that by utilizing "Bixby," Samsung's voice-activated assistant, "a user can use the phone to place outgoing calls without authenticating themselves with a pin. . . ." *See* Ex. B at ¶ 89. Both reports refer to certain testing Dr. Medvidovic performed to support his invalidity and non-infringement positions. However, in each instance, Dr. Medvidovic failed to specifically identify what particular steps were taken during his testing, what testing or support—if any—was performed by another individual, and what specific results he obtained from testing. As such, any reference to testing performed, and the results of any such testing, by Dr. Medvidovic should be stricken as they are conclusory and unreliable.

---

[1]      Unless otherwise noted, citations to Exhibits herein are attached to the accompanying Declaration of Aaron S. Jacobs.

## II.    LEGAL PRINCIPLES

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.").

"Whether proffered evidence is admissible at trial is a procedural issue not unique to patent law," and therefore decisions whether to admit expert testimony are reviewed under the law of the regional circuit. *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1294 (Fed. Cir. 2015) (citing *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1390–91 (Fed. Cir. 2003)). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the common nature of these factors direct the trial court to consider as its ultimate inquiry whether the expert's testimony is sufficiently (1) reliable and (2) relevant to be helpful to the finder of fact and thus to warrant admission at trial. *U.S. v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

"The reliability prong [of *Daubert*] mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief.'" *Id.* at 459 (quoting *Curtis*, 174 F.3d at 668). "The relevance prong [of *Daubert*] requires

the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999)).

"The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable." *Hendricks v. Ford Motor Co.*, Case No. 4:12-CV-71, 2012 WL 12045429, at *2 (E.D. Tex. Sept. 6, 2012).

Federal Rule of Civil Procedure 26 requires a disclosed expert to provide an expert report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). "The purpose of the expert disclosure rule is to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013) (internal quotation omitted).

## III.    ARGUMENT

An expert report should include a discussion of the methodology, relevant literature and scientific testing that form the basis of the expert's conclusions. "The Fifth Circuit has stated that "a reliable methodology is in all instances mandatory . . . and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Williams v. Toyota Motor Corp.*, Case No. 4:08-cv-487, 2009 WL 305139, at *3 (E.D. Tex. Feb. 6, 2009) (quoting *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007). Subjective opinions have long been insufficient for the admission of purported expert testimony. *Williams*, 2009 WL 305139, at *3 (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987). "A court is not required to admit opinion evidence that is

3

connected to existing data only by the ipse dixit of the expert, and may rightfully exclude expert testimony where a court finds that an expert has extrapolated data, and there is too great an analytical gap between the data and the opinion proferred." *Allure Energy, Inc. v. Nest Labs, Inc.*, Case No. 9-13-cv-102, 2015 WL 9450793, at *2 (E.D. Tex. Apr. 20, 2015) (internal quotations omitted) (quoting *Burleson v. Tex. Dep't Crim. Justice*, 393 F.3d 577, 587 (5th Cir. 2004)).

Dr. Medvidovic's two reports both expressly encompass opinions relying upon his supposed inspection and testing of alleged prior art devices, namely, the Nokia 9000i Communicator and the Samsung Accused Products, without ever indicating the manner in which he performed these inspections or tests. Therefore, all portions of his reports relying upon device testing, including images and screenshots of such, should be stricken, and Dr. Medvidovic should be precluded from testifying about such testing or utilizing the particular devices at trial.

A.      **Portions of Dr. Medvidovic's Expert Report on Invalidity Should be Stricken for Failing to Identify and Apply Reliable Methods in Testing The Nokia 9000i Communicator**

Dr. Medvidovic's expert report regarding the validity of the '654 patent identifies six prior art patents and applications, one prior art publication, and four prior art systems. Ex. A ¶ 60. Dr. Medvidovic's opinions regarding the Nokia 9000i Communicator (hereinafter, "Nokia Device"), one of the four prior art systems, are unreliable and irrelevant, as they are subjective conclusions based entirely upon unknown principles and methods. *Id.* ¶¶ 65-68 & 95-17; *id.* at Ex. D-2. None of the opinions relating to the Nokia Device rely on the device itself but, rather, on the Nokia User Manual.

Dr. Medvidovic's primary invalidity argument is that the asserted claims of the '654 patent are anticipated by the Nokia User Manual and the Nokia Device. *Id.* ¶¶ 95-171. The

"Overview of the Prior Art" includes the following as the basis for his conclusion that the Nokia

Device is a prior art system:

> The Nokia 9000i Communicator is a mobile phone, messaging device, Internet access terminal and palmtop unit. The Nokia 9000i was publicly available for purchase at least as early as October/November 1997, as demonstrated by at least the device itself, the associated Nokia 9000i Communicator User Manual Issue 1.1, and the Declarations of Timo Henttonen and Jari Toivanen. Furthermore, I had a teleconference with Timo Henttonen on February 13, 2020, in which he confirmed the accuracy of the contents of his declaration concerning the public availability of the Nokia 9000i Communicator and the Nokia User Manual. Therefore, the Nokia 9000i Communicator qualifies as prior art under pre-AIA 35 U.S.C. § 102(b).

*Id.* ¶ 65 (internal citations omitted).[2] Further, when expressing his opinions regarding

anticipation by the Nokia Device itself, Dr. Medvidovic offers only the following:

> Additionally, *although not expressly included below*, for the same reasons as set forth below for the Nokia User Manual and in Exhibit D2, the Nokia 9000i Communicator anticipates and/or renders obvious each of the Asserted Claims. *Specifically, as described below, the Nokia User Manual describes the features and functions of the Nokia 9000i Communicator.*

*Id.* ¶ 96 (emphasis added). ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████ *Id.* ¶ 65; *id.* at Ex. D-2, p.2, n.1. Yet, the

---

[2]     Tino Henttonen was allegedly a member of the team responsible for developing the Nokia 9000i Communicator. The relevant portion of his cited Declaration provides: "I became familiar with each of the Nokia Communicator devices, including the owner's manuals that were distributed with these devices . . .," and that "the Owner's Manual for the Nokia 9000i Communicator . . . describes the functionality and operation of the device."

██████████████████████████████████████████████████████████

████████ Medvidovic Dep. (Ex. C) at 300:19-301:2.[3]

During his deposition, Dr. Medvidovic was questioned extensively regarding the Nokia

Device, including the test protocol implemented, the steps taken to reach the particular screens

captured in Exhibit D-2, and how it was confirmed that the Nokia Device operates exactly as

explained by the Nokia User Manual. With regard to the test protocol implemented and the steps

taken to reach the particular screens captured, Dr. Medvidovic offered the following:



Ex. C at 311-313. With regard to the test protocol implemented, and how it was determined that

the Nokia User Manual provided accurate descriptions of how the Nokia Device operated, Dr.

Medvidovic offered the following:

---

[3] ███████████████████████████████████████████████████████

██████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████



Ex. C at 292:4-24 (emphasis added). ████████████████████████████

██████████████████████████████Ex. A ¶ 109.

On all of these issues, neither Dr. Medvidovic's report, nor his deposition, provided

information to close the analytical gap between the data and the opinions proffered in his report.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████are all undisclosed and unknown.

Since Dr. Medvidovic fails to disclose any independent facts or data regarding the Nokia

Device in his report, the reliability and relevance of his opinions cannot be determined.

*Hendricks*, 2012 WL 12045429, at *2. Additionally, because he has not provided any reliable

basis for drawing the inference that the Nokia Device functions in accord with the Nokia User

Manual, his opinion on this ultimate issue "falls short of a reliable opinion based on [Dr.

Medvidovic's] scientific, technical, or specialized knowledge, as required by Rule 702."

*XpertUniverse, Inc. v. Cisco Sys., Inc.*, Case No. 09-157-RGA, 2013 WL 1702159, at *1 (D. Del.

Feb. 25, 2013).[4] Therefore, the corresponding portions of Dr. Medvidovic's report, and the opinions based thereon, should be stricken, and he should be precluded from testifying at all with regards to the Nokia Device.

**B.      Portions of Dr. Medvidovic's Expert Report on Noninfringement Should be Stricken for Failing to Identify and Apply Reliable Methods in Testing "Bixby"**

In his expert report on infringement, Dr. Medvidovic takes the position that one "way a user can use the phone to place calls without authenticating themselves with a PIN . . ." is using Samsung's "voice-activated assistant called Bixby." Ex. B ¶ 89.

The description of Dr. Medvidovic's purported analysis and "testing" of Bixby is limited to eight paragraphs in the report, ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ *Id.*

Dr. Medvidovic also offers the opinion that █████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ *Id.* ¶ 93. The evidence for this opinion? █

---

[4]      *See also Finjan, Inc. v. Cisco Sys. Inc.*, Case No. 17-cv-00072-BLF, Dkt. No. 549, slip op. at 3-4 (N.D. Cal. Apr. 17, 2020) (Ex. D) (striking portions of Dr. Medvidovic's declaration because by not explaining the technical documents used to form his opinion, the testimony was impermissible speculation and not within the purview of technical experts).

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████ this begs the questions: Who

else was involved in testing? How was this hypothesis tested? And where is any information, or

a declaration, indicating as much?

Much of the unknown information surrounding Bixby testing was not sufficiently

clarified during deposition. When asked which phones were set up with Bixby, Dr. Medvidovic's

response was, █████████████████████████████████████████

██████ Ex. C at 86:3-5. Dr. Medvidovic did confirm he had ████████████████████

███████████████ *Id.* at 86:6-13. However, the failure to conduct reliable and relevant tests

using any reliable methodology became even more apparent at deposition. When asked about

options for a voice password during Bixby set-up, ███████████████████████████████

████████████████████████████████████████████

████      ████████████████████████████████████████████████
████████████████████████████████████████

████      ██████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████

Ex. C at 88:19-89:16 (emphasis added). And Dr. Medvidovic even provided deposition

testimony that indicates ████████████████████████████████

████████████████████████████████████████

████      ████████████████████████████████████

████      ████████████████

████      ████████████████████████████████████



Ex. C at 90:10-91:15 (emphasis added).

Dr. Medvidovic's reports disclose limited methodology for all of the tests undertaken,

and no methodology for the "tests" described herein. As he has been criticized for doing on

another occasion, Dr. Medvidovic offers nothing more than an assertion that he personally

performed the tests, he has these conclusory results, and he will potentially show this all again at

trial. *See, e.g.*, *Finjan, Inc. v. Blue Coat Sys., Inc.*, Case No. 13-cv-03999, 2015 WL 4272870, at

*4 (N.D. Cal. July 14, 2015) (citation omitted):

> Dr. Medvidovic's report discloses no methodology other than to assert that he
> "personally performed these tests on the Accused Products and will reenact my
> tests during trial either live or by video during trial." Furthermore, as Dr.
> Medvidovic will not testify concerning infringement, it is not clear whether his
> test results would even be relevant to his testimony. In any case, because Dr.
> Medvidovic does not disclose any methodology for his test results, Defendant's
> motion to exclude his testimony regarding testing is GRANTED.

In light of the inability to ascertain the relevance and reliability of the Bixby tests performed, Dr.

Medvidovic's noninfringement opinions regarding Bixby should be struck from his report, and

precluded at trial.

## IV.    CONCLUSION

For the foregoing reasons, Uniloc respectfully requests that this Motion be granted.

Dated: April 24, 2020                                Respectfully submitted,

*/s/ Aaron S. Jacobs*
Paul J. Hayes
Brian A. Tollefson
Kevin Gannon
Aaron S. Jacobs
Alyssa H. Ruderman
PRINCE LOBEL TYE LLP
One International Place - Suite 3700
Boston, MA 02110
Tel: 617-456-8000
Email: phayes@princelobel.com
Email: btollefson@pricelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com
Email: aruderman@princelobel.com

William E. Davis, III
Texas State Bar No. 24047416
The Davis Firm, PC
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@davisfirm.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
NELSON BUMGARDNER ALBRITTON PC
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

Shawn Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
NELSON BUMGARDNER ALBRITTON PC
111 West Tyler Street
Longview, TX 75601
Tel: (903) 757-8449

11

ATTORNEYS FOR THE PLAINTIFF


## CERTFICATE OF CONFERENCE

On April 24, 2020, counsel for Plaintiff conferred in good faith with Defendants' counsel. Defendants' counsel stated that Samsung would oppose this motion. Discussions ended at an impasse, leaving an open issue for the Court to resolve.

/s/ *Aaron S. Jacobs*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Aaron S. Jacobs*


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7)(A), the undersigned hereby certifies that the corresponding documents were filed under seal pursuant to the Court's Protective Order entered in this matter.

/s/ *Aaron S. Jacobs*